# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| The Estate of LUBOMIR TSISYK<br>deceased, by VALENTINA CHMIL and<br>NATALIYA TSISK as proposed<br>administrators; and D.T., an infant<br>by his mother and natural guardian,<br>VALENTINA CHMIL; and V.T., an<br>infant by his mother and natural<br>guardian NATALIYA TSISYK,<br><br>      Plaintiffs,<br><br>v.<br><br>THOMAS R.J. SCHNEIDER,<br><br>      Defendants. | CIV-14-944-R |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendants Legacy, Inc. ("Legacy") and, "Legacy Logistics, LLC ("Legacy Logistics") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (Doc. No. 39).[1] Therein Defendants seek dismissal of the claims of both the adults Plaintiffs and the claims on behalf of the minor Plaintiffs, D.T. and V.T. Plaintiffs responded in opposition to the motion, and having considered the parties' submissions, the Court finds as follows.

This case stems from a multi-vehicle accident near the Oklahoma-Texas border on March 31, 2012. Lubomir Tsisyk was killed in the accident, and on September 26, 2014, this action was filed by the Valentina Chmil and Nataliya Tsisyk, the alleged wife and ex-wife

---

[1] Legacy Logistics, LLC was voluntarily dismissed by Plaintiff, therefore the motion is denied as moot with regard to Legacy Logistics, LLC.

of Lubomir, respectively, as proposed administrators of Lubomir Tsisyk's estate, and Lubomir's surviving minor children, through their respective mothers. Defendants contend first that Plaintiffs, except Valentina Chmil as the surviving spouse of Lubomir Tsisyk are not authorized to pursue a claim under Okla. Stat. tit. 12 § 1054, and second that all claims are barred by the statute of limitations contained in Okla. Stat. tit. 12 § 1053.

The Court first concurs with Defendant's argument that the only proper plaintiff to a wrongful death claim is Valentina Chmil, as the surviving spouse of Lubomir Tsisyk. Pursuant to Okla. Stat. tit. 12 § 1054.

> In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other state or territory. . . the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased.

*Id.* Mr. Tsisyk was a resident of New York at the time he perished in the accident, and thus, the hierarchy provided by § 1054 is such that his widow, Valentina Chmil is the appropriate person to bring a claim. Although Valentina Chmil is not included as a party in her individual capacity as the widow of Lubomir Tsisyk, the Court concludes that Plaintiffs can easily remedy this defect by filing an amended complaint naming Valentina Chmil as widow of Lubomir Tsisyk. As a result, it is necessary to address Defendants' statute of limitations argument, because if amendment would be futile, it would be improper to permit Plaintiffs to file a second amended complaint. Defendants contend that because Valentina Chmil is the only plaintiff authorized to pursue a wrongful death action that she was required to do so within two years. Defendant contends her failure to do so mandates dismissal.

2

Oklahoma Stat. tit. 12 § 1053 provides a two year statute of limitations period for wrongful death claims. Defendants contend that despite the presence of decedent's minor children as potential beneficiaries of the wrongful death action that Oklahoma law mandates dismissal of the action. Defendants rely on *Hamilton v. Vade*, 721 P.2d 412 (Okla. 1986). The undersigned agrees that *Hamilton* controls, but disagrees with Defendants regarding the outcome. Defendants characterize *Hamilton* as holding that "a minor could bring suit for the wrongful death of a parent at any time before his nineteenth birthday, but only if there was no personal representative appointed or surviving spouse who must bring the claim under the Oklahoma statute (and assuming no prior claim was adjudicated)." (Doc. 39, p. 9).

In *Hamilton*, the court concluded:

> Oklahoma law allows an action for wrongful death to be brought on behalf of a minor for the death of his mother more than two (2) years after the date of her death contingent upon suit being brought by either the decedent's personal representative, spouse, or next of kin in accordance with 21 O.S. 1971 §§ 1053, 1054.

*Id.* at 414-15. Thus, the minor children of Lubomir Tsisyk are entitled to proceed with claims even after expiration of the statute of limitations period provided that Mr. Tsisyk's widow pursues the claim on their behalf. The *Hamilton* court relied on its decision in *Brookshire v. Burkhart*, 283 P. 2d 571 (1929).

In *Brookshire*, no administrator had been appointed to manage the decedent's estate. The court concluded that the plaintiff, the husband of the decedent and father of the minor claimant, properly instituted suit under Comp.Stat. 1921 § 824, which is now codified as 12 O.S. 1981, § 1053, 1054, to recover damages on behalf of his minor son, even though suit

was filed more than three years after decedent's death. *See Hamilton*, 721 P.3d at 414, n. 3. Therefore, Defendants' attempt to distinguish *Hamilton* because there was no surviving spouse is not supported by *Hamilton*, in light of its reliance on *Brookshire*, where the surviving spouse was permitted to proceed on the wrongful death claim to the extent it would benefit the minor child despite the lapse of more than two years. Accordingly, the Court hereby grants Plaintiffs leave to amend their complaint to add a wrongful death claim by Valentina Chmil in her capacity as Lubomir Tsisyk's widow, which claims are for the benefit of the decedent's minor children.[2] The amended complaint shall be filed within fourteen days of entry of this order.

With regard to Plaintiffs' Second, Third, Fourth, and Fifth Causes of Action, Plaintiffs have failed to respond to the motion to dismiss, and therefore, Defendant Legacy is entitled to dismissal of these claims in their entirety.

For the reasons set forth herein, Defendant Legacy's motion to dismiss is hereby granted. Plaintiffs are hereby granted leave to amend as set forth above.

IT IS SO ORDERED this 11th day of May, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2]This amendment cannot impact any claim on behalf of Ms. Chmil herself, such claim is barred by expiration of the statute of limitations period.

4