# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTORIA CARDENAS, WILLIAM E. WOODSON, as Special Administrator of the Estate of Carlos DeSantiago, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-386-R |
| WESTERN EXPRESS, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |
| D.T. an infant by his mother and natural guardian, VALENTINA CHMIL; and V.T., an infant by his mother and natural guardian, Nataliya Tsisyk, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-944-R |
| THOMAS R.J. SCHNEIDER, et al., | ) ) | |
| Defendants. | ) | |
| JAMES CRITTENDEN, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-694-R |
| WESTERN EXPRESS, | ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are certain Motions to Consolidate, filed in Case Nos. 14-944-R, *Chmil v. Schneider* and 16-694-R, *Crittenden v. Western Express*. The Court ordered the parties to submit their views on consolidation in all three cases, and the responses and objections to consolidation have been received.[1] Upon consideration of the parties' submissions, the Court finds as follows.[2]

There are currently four actions pending before the Court, all stemming from a March 31, 2012 multi-vehicle accident.[3] Western Express is the common Defendant in all three actions, its driver, Thomas Schneider, having hit a car driven by Gorgis Ori. James Crittenden, a driver for YRC, is a Defendant in two actions and the Plaintiff in the third, suing Western Express for the negligence of Thomas Schneider.[4]

In Case No. 14-386-R, Victoria Cardenas and Dennis Butler, as Special Administrator of the Estate of Carlos de Santiago, Ms. Cardenas' husband who died in the pile-up, seek relief from Western Express and Schneider, Crittenden and his employer, YRC, Western Freight and its driver Augustin Sahagun, and Fischer Trucking and its driver, Jeff Kramer. Case No. 14-944 is pursued on behalf of the minor children of Lubomir Tsisyk, who perished in the accident, who seek relief from Western Express/Schneider,

---

[1] In consideration of the pending motions the Court ordered certain former Defendants in Case No. CIV-14-386-R to report whether they intended to pursue pending counter and cross-claims. Both Harco and Cristian Transport indicated they would not pursue such claims, clarifying for the Court which parties remain for trial.

[2] William Woodson is hereby substituted for Dennis Butler as Special Administrator of the Estate of Carlos DeSantiago. (Doc.No. 308).

[3] Although there are four cases pending, trial is only anticipated in three cases, the fourth case, although still pending, settled at the November 2019 settlement conference.

[4] Crittenden's claim against Western Express was originally a cross-claim in Case No. 14-386-R, which he voluntarily dismissed without prejudice on June 29, 2015.

YRC/Crittenden, Western Freight/Sahagun, and a fourth company with a driver involved in the pile-up, Legacy, Inc.[5] The final action remaining for trial pits James Crittenden against Western Express.

Western Freight filed a response in opposition to the requested consolidation, noting that it is not a Defendant in James' Crittenden's lawsuit against Western Express, and that consolidation will prejudice Western Freight in the two lawsuits in which it is a Defendant. (Case No. CIV-14-386-R, Doc.No. 299, Case No. CIV-16-694-R, Doc.No. 38). Defendant Legacy, a party only in Case No. 16-694-R, similarly objects to consolidation, arguing that consolidation is inappropriate and will cause confusion, especially given that it is not a Defendant in all three cases and that James Crittenden will be a plaintiff in some claims and a defendant with regard to other claims.

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any and all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo.2004). In deciding whether to grant a motion to consolidate, the Court should initially consider whether the cases to be

---

[5] Plaintiffs also sued Legacy's driver, Robert Vanderpool, although the record contains no proof of service. As noted by Defendant Legacy in its most recent filings, the statute of limitations has run for any claim against Defendant Vanderpool. Plaintiffs in Case No. Civ-14-944-R shall show cause within seven days why Defendant Vanderpool should not be dismissed from this action with prejudice.

consolidated involve a common question of law or fact. *See Servants of the Paraclete, Inc. v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). If there are common questions, the Court weighs the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *Id*. The parties seeking for consolidation bear the burden of demonstrating that consolidation is desirable. *Id.*

> "[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other"
>
> * * *
>
> Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's façade, lie two individual cases.

*Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1089, 1094 (D.N.M. 2005)(quoting *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982)).

The Court concludes that consolidation of the three remaining actions stemming from this multi-vehicle accident for purposes of completing any remaining discovery and for trial is appropriate. First, it is beyond debate that these three cases involve common issues of law and fact. Certainly, a jury will hear evidence that is not relevant to all claims and all Defendants. This concern, however, is not unique to a case like this. Carefully crafted jury instructions and verdict forms should prevent many of the concerns raised by Defendants Western Freight/Sahagun and Legacy. James Crittenden's position as both a Plaintiff and Defendant is awkward at first blush; however, his claims against Defendant Western Express could have been pursued as crossclaims in CIV-14-386-R, as originally

4

pled, and clearly counter- and crossclaims contemplate that parties may appear both as plaintiffs and defendants in a single civil trial. It would be a waste of the Court's resources to try these cases separately given the overlapping nature of the issues. Additionally, many of the witnesses will be the same, and requiring witnesses to testify in two or three separate trials imposes an unnecessary burden on them. Here, there are clearly common questions of fact and although not all Plaintiffs stand in identical positions, the Court finds any potential prejudice can be avoided with jury instructions and interrogatories to the jury.

For the reasons set forth herein, the Motions to Consolidate, Doc. No. 190 in CIV-14-944-R, and Doc. No. 36 in Case No. CIV-16-694-R, are hereby GRANTED. This Order shall be filed in all three cases. The cases are consolidated in their entireties. The base file shall be CIV-14-386-R. All further filings shall be made only in the base file case, and should bear only that case number and the title of CIV-14-386-R with the term "base file" below the case number. The deadlines established in Case Nos. Civ-14-386-R and CIV-14-944-R shall apply in Case No. 16-694-R, save for the recently expired deadline for Plaintiff to file a final list of expert witnesses and to submit reports to Defendant Western Express, as well as the deadline for Plaintiff to file final witness and exhibit lists. The date for the filing of each of these in CIV-16-694-R is hereby extended to February 17, 2020, with Defendant's responses thereto due fourteen days thereafter.[6]

---

[6] The Court recognizes that this extension potentially impacts the Court's March 2, 2020 deadline for dispositive motions and *Daubert* motions. Should the parties need additional time they may request an extension of these deadlines, cognizant of the Court's determination that these cases will be tried in May 2020.

**IT IS SO ORDERED** this 6th day of February 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE